United States Courts
Southern District of Texas
FILED

SEP 1 7 2012


David J. Bradley, Clerk of Court

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASMA NASEER QAZI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 4:12-cv-2771 |
| vs. | § | |
| | § | |
| KATY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. PARTIES

1.  Plaintiff, **AZMA NASEER QAZI** ("Plaintiff" or "QAZI" is an individual residing in the Southern District of Texas. She is also a citizen of Texas. Plaintiff, a Pakistani national and practicing Muslim, is a member of a group protected by Title VII and at all relevant times an employee within the meaning of Title VII. Plaintiff is also a person as contemplated under 42 U.S.C. §1983 and 42 U.S.C. §1981, as amended.

2.  Defendant, **KATY INDEPENDENT SCHOOL DISTRICT** ("Defendant" or "KATY ISD") is a school district in Katy, Texas and a governmental agency organized under the laws of the State of Texas. KATY ISD was at all relevant times an employer within the meaning of Title VII, employing more than 800 individuals.

## II. JURISDICTION AND VENUE

3. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with its provisions against national origin discrimination. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law as a result of discrimination on the basis of religion and national origin, pursuant to 29 U.S.C. §621 et seq.

4. Furthermore, this is a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. §1331, 42 U.S.C. § 2000(e) et seq., as amended, §704(a), 42 U.S.C. § 1981(a), as amended, and 42 U.S.C. § 19835.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Civil Rights Division, Texas Workforce Commission ("EEOC") on or about March 24, 2011. In that Charge, No. 460-2011-02926, Plaintiff asserts that she was discriminated against because of her religion and national origin. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period. A copy of the "right to sue" letter from the EEOC is attached.

## IV. FACTS

7. Plaintiff, Asma Naseer Qazi, is of Pakistani origin and is a practicing Muslim. It is unknown how many other Pakistanis or Muslims are employed by Defendant. Qazi began working as a Para

Professional for Katy ISD on August 13, 2008. Her primary duty was working in the Special Education classes as a teacher's aide.

8. She was assigned to the Hutsell Elementary School. During her first two years, she received consistently positive evaluations.

9. Beginning in the Spring of 2011, another paraprofessional, Dania Etienne (age unknown, Hispanic female), singled out Ms. Qazi, asking her several times to teach her how to belly dance, sending her text messages with overtly Christian messages, and generally making derogatory comments about Ms. Qazi's nationality and religion. On two occasions, Ms. Qazi told Ms. Etienne that she is a Muslim and Muslims do not belly dance in public. At one point during a meeting on April 27, 2011, Ms. Etienne said that she had had to work with people of many nationalities, but never **this** nationality. She went on to ask Ms. Qazi if she read the Qur'an and if she knew what was in it. The next day, April 28, 2011, Ms. Qazi asked the principal Kiko Davidson (age unknown, Asian female) to take corrective action against Ms. Etienne for the remark, but she did not.

10. Rising tension between the two escalated when, prior to a scheduled pest extermination, Ms. Etienne removed inexplicably removed Ms. Qazi's personal belongings from her cubicle and placed them on the floor for no apparent reason. Since she only did this to Ms. Qazi's belongings, and there was no school wide directive to do so, Ms. Qazi perceived that she was being singled out as needing to have her belongings treated with pesticide. She again requested corrective action, but none was taken.

11. Prior to the beginning of these incidents, On January 25, Ms. Qazi had arrived some 20 minutes late to work the day after her husband had had surgery. Possibly because of a language problem, there was some confusion as to whether she had told a supervision she arrived "late" or at "eight." Given that she clocked in at 8:22 a.m., the reasonable explanation was that she said she arrived "late." However,

she was disciplined, and a note put into her file. She was asked to review policies covering with late arrival, which she did, but no further disciplinary action was taken at that time.

12. On June 2, 2011, Ms Qazi was given a poor performance evaluation and on June 3, 2011, she was told her employment was terminated.

## V. CAUSES OF ACTION

A. Religion and National Origin Discrimination Under Title VII

13. QAZI repeats and re-alleges by reference each and every allegation contained in paragraphs herein and incorporates the same herein as though fully set forth.

14. KATY ISD, through its agents, supervisors, or employees violated QAZI's civil rights in violation of Title VII, by intentionally interfering with QAZI's performance of her employment and subjecting her to a hostile work environment because of her religion and national origin. This intentional interference consisted of discrimination of a continuous nature of which her superiors were aware, but which they failed to correct.

15. KATY ISD, through its agents, supervisors, or employees discriminated against QAZI which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of QAZI's employment.

16. These acts as described above, on the part of KATY ISD's caused QAZI substantial injury and damage.

B. Violation of 42 U.S.C. Section 1983

17. Plaintiff QAZI repeats and re-alleges by reference each and every allegation contained in paragraphs herein and incorporates the same herein as though fully set forth.

18.     42 U.S.C. §1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws while acting under the color of any statute, ordinance, regulation, custom or usage of any state.

19.     Defendant KATY ISD while acting under the color of state law, deprived Plaintiff of a right secured by the Constitution or laws of the United States in violation of 42 USC Sec. 1983. As described herein, Defendant KATY ISD's violation of Plaintiff's constitutional rights were due to KATY ISD's customs, practices and policies.

20.     Plaintiff QAZI was deprived of her rights secured to her by the Equal Protection Clause of the Fourteenth Amendment to the United Sates Constitution of which is actionable under 42 U.S.C. §1983.

C.      Race Discrimination Pursuant To 42 U.S.C. Section 1981

21.     Plaintiff QAZI repeats and re-alleges by reference each and every allegation contained in paragraphs herein and incorporates the same herein as though fully set forth.

22.     Additionally, Defendant KATY ISD's constructive discharge of Plaintiff on the basis of her race (South Asian) violated Plaintiff's rights secured to Plaintiff under 42 U.S.C. §1981 in the making and enforcement of contracts.

23.     KATY ISD's discrimination against Plaintiff was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right ... To make and enforce contracts ... as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.

**VI. JURY DEMAND**

24.     PLAINTIFF requests that this action be heard before a jury.

## VII. DAMAGES

25. KATY ISD's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects QAZI in her occupation, trade and business. Because of KATY ISD's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. QAZI has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of KATY ISD. Accordingly, QAZI seeks all general, special, incidental and consequential damages in an amount to be proved at trial.

26. Because of KATY ISD's unlawful and tortious conduct, it has been necessary for QAZI to retain the undersigned attorney to represent her in these causes of action. QAZI has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

27. Additionally, QAZI has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, QAZI seeks all general, special, incidental and consequential damages as shall be proven at trial.

28. Further, QAZI seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to KATY ISD. QAZI also seeks post-judgment interest at the maximum rate allowed by law in the event that KATY ISD does not promptly tender damages assessed against it and to avoid unjustly enriching KATY ISD.

## VIII. PRAYER

WHEREFORE, premises considered, QAZI prays that KATY ISD be cited to appear and answer herein, and that on final trial, QAZI have judgment against KATY ISD for:

a. Permanent injunction enjoining KATY ISD, its agents, successors, employees, and those acting in concert with KATY ISD, from continuing to violate QAZI's civil rights.

b. All damages to which QAZI may be entitled pursuant to this Amended Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by QAZI in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which QAZI may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By: _____
Annette M. Lamoreaux
TBN 11852750
5847 San Felipe Suite 1700
Houston TX 77057
E-mail annette@lamoreauxlaw.com
Tel. 713.821.1548
Fax 713.821.1401

ATTORNEY IN CHARGE FOR
PLAINTIFF **ASMA QAZI**